MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  JEAN-DAVID BARNEA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2679
Fax (212) 637-2717
E-mail Jean-David.Barnea@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW KATZ, | ECF CASE |
| Plaintiff, | 08 Civ. 04210 (RPP) |
| v. | **ANSWER** |
| HENRY M. PAULSON, JR., SECRETARY, DEPARTMENT OF TREASURY, | |
| Defendant. | |

Defendant Henry M. Paulson, Jr., Secretary of the Treasury ("Defendant"), by and

through his attorney, Michael J. Garcia, United States Attorney for the Southern District of New

York, answers the complaint of Plaintiff Andrew Katz ("Plaintiff"), on information and belief, as

follows:

## I.     PRELIMINARY STATEMENT AND BACKGROUND

Defendant denies the allegations contained in the unnumbered "PRELIMINARY

STATEMENT AND BACKGROUND" section of the complaint, except to aver that on or about

September 27, 2005, Plaintiff filed a complaint of employment discrimination with the

Department of the Treasury (the "Department"), identified as TD No. 05-2615; that more than

180 days had passed since Plaintiff filed that complaint before he filed the instant action; and that

on July 21, 2008, the Equal Employment Opportunity Commission ("EEOC"), before which the

case was pending at the time as EEOC No. 520-2007-00102X, issued a Dismissal Order after

Plaintiff filed this action.  Defendant further avers that on or about May 18, 2007, Plaintiff filed a

second complaint of employment discrimination with the Department, identified as TD No.

EEODFS-07-0575-F; that on October 18, 2007, the Department issued a Final Agency Decision

("FAD") dismissing that complaint; that on November 14, 2007, Plaintiff appealed the FAD to

the Office of Federal Operations ("OFO") of the EEOC, identified as EEOC Appeal No.

0120080558; that on January 22, 2008, the OFO issued a decision affirming the FAD; and that in

its decision, the OFO advised Plaintiff of his right to file a civil action in an appropriate United

States District Court within 90 days.  Further, Defendant neither admits nor denies the

allegations in this section constituting Plaintiff's characterization of his claims, to which no

response is required.  To the extent a response is required, Defendant denies these allegations.

## II.    PARTIES

1.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the complaint, and on that basis denies them,

except to aver that Plaintiff was employed by the Internal Revenue Service ("IRS") from March

10, 1985 until he was terminated effective April 28, 2008.

2.    Defendant denies the allegations contained in paragraph 2 of the complaint,

except avers that Federal Rule of Civil Procedure 4(i)(2) governs service of process on the

United States, and refers the Court to that rule for a complete statement of its requirements.

## III.    JURISDICTION AND VENUE

3.    Defendant neither admits nor denies the allegations contained in paragraph 3 of

the complaint, as they constitute Plaintiff's characterization of his claims, to which no response

is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the complaint.

4.      Defendant neither admits nor denies the allegations contained in paragraph 4 of the complaint, as they constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 4 of the complaint.

5.      Defendant neither admits nor denies the allegations contained in paragraph 5 of the complaint, as they constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the complaint.

## IV.    FACTUAL ALLEGATIONS

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint with regard to Plaintiff's religion and age, and on that basis denies them, except to aver that Plaintiff represents that he is of the Jewish faith, and to further admit that Plaintiff's date of birth is February 24, 1957 and he began his employment with the IRS in 1985.

8.      Defendant denies the allegations contained in paragraph 8, except avers that when last employed with the IRS, Plaintiff was assigned to the Small Business/Self Employed (SB/SE) Operating Division of the IRS, and that his post of duty was in New York, New York.

9.      Defendant denies the allegations contained in paragraph 8, except avers that when last employed with the IRS, Plaintiff was employed as a GS-12 Revenue Agent.

10.     Defendant denies the allegations contained in paragraph 10 of the complaint, except avers that Plaintiff applied for the position of GS-0512-13 Internal Revenue Agent, announced in Vacancy Announcement No. 50-30-S50588.

11.     Defendant denies the allegations contained in paragraph 11 of the complaint, except avers that Plaintiff was not selected for the position of GS-0512-13 Internal Revenue Agent, announced in Vacancy Announcement No. 50-30-S50588.

12.     Defendant denies the allegations contained in paragraph 12 of the complaint, except avers that Plaintiff did not receive a score from the ranking panel that was high enough to place him on the best qualified list for the position of GS-0512-13 Internal Revenue Agent, announced in Vacancy Announcement No. 50-30-S50588.

13.     Defendant denies the allegations contained in paragraph 13 of the complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the complaint, except avers that Plaintiff received the lowest score of the twenty applicants found to be qualified for the position of GS-0512-13 Internal Revenue Agent, announced in Vacancy Announcement No. 50-30-S50588

15.     Defendant admits the allegations contained in paragraph 15 of the complaint.

16.     Defendant admits the allegations contained in paragraph 16 of the complaint.

17.     Defendant admits the allegations contained in paragraph 17 of the complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the complaint.

19.     Defendant admits the allegations contained in paragraph 19 of the complaint.

20.     Defendant admits the allegations contained in paragraph 20 of the complaint.

21.     Defendant admits the allegations contained in paragraph 21 of the complaint.

22.     Defendant admits the allegations contained in paragraph 22 of the complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the complaint, except avers that Plaintiff applied for the position of GS-930-13 Appeals Officer, announced in Vacancy Announcement No. 89-85-APB333T7.

25.     Defendant denies the allegations contained in paragraph 25 of the complaint, except avers that Plaintiff was not selected for the position of GS-930-13 Appeals Officer, announced in Vacancy Announcement No. 89-85-APB333T7.

26.     Defendant denies the allegations contained in paragraph 26 of the complaint, except avers that Plaintiff did not receive a score from the ranking panel that was high enough to place him on the best qualified list for the position of GS-930-13 Appeals Officer, announced in Vacancy Announcement No. 89-85-APB333T7.

27.     Defendant denies the allegations contained in paragraph 27 of the complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the complaint, except avers that Plaintiff applied for the position of GS-930-13 Appeals Officer, announced in Vacancy Announcement No. 89-85-APB361T7.

29.     Defendant denies the allegations contained in paragraph 29 of the complaint, except avers that Plaintiff was not selected for the position of GS-930-13 Appeals Officer, announced in Vacancy Announcement No. 89-85-APB361T7.

30.     Defendant denies the allegations contained in paragraph 30 of the complaint, except avers that Plaintiff did not receive a score from the ranking panel that was high enough to place him on the best qualified list for the position of GS-930-13 Appeals Officer, announced in Vacancy Announcement No. 89-85-APB361T7.

31.     Defendant denies the allegations contained in paragraph 31 of the complaint.

32. Defendant denies the allegations contained in paragraph 32 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the selectee's religion or national origin, and on that basis denies them.

33. Defendant denies the allegations contained in paragraph 33 of the complaint.

34. Defendant denies the allegations contained in paragraph 34 of the complaint

35. Defendant denies the allegations contained in paragraph 35 of the complaint

36. Defendant denies the allegations contained in paragraph 36 of the complaint, except avers that on August 1, 2005, Plaintiff contacted a Department EEO Counselor regarding his non-selection for two of the positions he had applied for, identified in Vacancy Announcement Nos. 50-30-S50588 and 60-62-LMB20327.

37. Defendant denies the allegations contained in paragraph 37 of the complaint, except avers that Plaintiff had filed formal complaints of employment discrimination with the Department on or about November 9, 2000, October 5, 2001, and September 5, 2003.

38. Defendant denies the allegations contained in paragraph 38 of the complaint, except avers that on September 27, 2005, Plaintiff filed a formal complaint of employment discrimination with the Department, identified as Treasury Department (TD) No. 05-2615.

39. Defendant denies the allegations contained in paragraph 39 of the complaint, except avers that on October 19, 2005, Defendant accepted for processing and investigation the claims contained in Plaintiff's September 27, 2005 complaint of employment discrimination; that on March 7, 2006, Defendant accepted for processing and investigation Plaintiff's November 4, 2005 amended complaint of employment discrimination from Plaintiff; and that Defendant conducted an investigation of the claims contained in the amended complaint between May 1, 2006 and July 24, 2006.

40.    Defendant denies the allegations contained in paragraph 40 of the complaint, except avers that on December 8, 2006, Plaintiff requested a hearing and decision from an EEOC Administrative Judge in TD No. 05-2615, which was assigned EEOC No. 520-2007-00102X.

41.    Defendant denies the allegations contained in paragraph 41 of the complaint, except avers that on May 23, 2007, the Department filed a Motion for Decision Without a Hearing with the EEOC in TD No. 05-2615/EEOC No. 520-2007-00102X, which the EEOC did not decide, and that on July 21, 2008, the EEOC issued a Dismissal Order after Plaintiff filed this action.

42.    Defendant denies the allegations contained in paragraph 42 of the complaint, except avers that more than 180 days have passed since Plaintiff's September 27, 2005 filing of his complaint in TD No. 05-2615.

43.    Defendant denies the allegations contained in paragraph 43 of the complaint, except avers that on or about April 18, 2006, Plaintiff was issued a performance appraisal for the period from February 1, 2005 through January 31, 2006, with an average critical job element score of 2.6, and a rating of "minimally successful."

44.    Defendant denies the allegations contained in paragraph 44 of the complaint, except avers that or about March 5, 2007, Plaintiff was issued a performance appraisal for the period from February 1, 2006 through January 31, 2007 with an average critical job element score of 2.2, and a rating of "minimally successful."

45.    Defendant denies the allegations contained in paragraph 45 of the complaint, except avers that on April 18, 2006, Plaintiff was notified that effective April 24, 2006, his Flexiplace arrangement was terminated because he did not have a "fully successful" rating on his performance appraisal for the period from February 1, 2005 through January 31, 2006.

46.     Defendant denies the allegations contained in paragraph 46 of the complaint, except avers that on February 27, 2007, Plaintiff was notified by his group manager that he would not be granted a within-grade increase.

47.     Defendant denies the allegations contained in paragraph 47 of the complaint, except avers that Plaintiff filed grievances with the Department under the terms of the collective bargaining agreement between the IRS and the National Treasury Employees Union (the "CBA") on March 28, 2006, March 9, 2007, and April 2, 2007.

48.     Defendant denies the allegations contained in paragraph 48 of the complaint, except avers that on April 5, 2007, Plaintiff contacted an EEO Counselor.

49.     Defendant denies the allegations contained in paragraph 49 of the complaint, except avers that on May 18, 2007, Plaintiff filed a formal complaint of employment discrimination, identified as TD No. EEODFS-07-0575-F, and on October 18, 2007, the Department issued a Final Agency Decision ("FAD") dismissing this complaint, in part on the grounds that Plaintiff had elected to pursue his claims as CBA grievances rather than through the EEO process.

50.     Defendant denies the allegations contained in paragraph 50 of the complaint, except avers that on January 28, 2008, the EEOC's Office of Federal Operations issued a decision affirming the Department's October 18, 2007 FAD in TD No. EEODFS-07-0575-F, identified as EEOC Appeal No. 0120080558.

51.     Defendant admits the allegations contained in paragraph 51 of the complaint.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint, and on that basis denies them.

53.     Defendant denies the allegations contained in paragraph 53 of the complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the complaint.

## COUNT I

55.    Defendant incorporates his response to paragraphs 1 through 54 of the complaint as if fully set forth herein.

56.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint as it relates to Plaintiff's religion, national origin, and age, and on that basis denies them, except avers that Plaintiff represents that he is of the Jewish faith, that his national origin is American, and that he is over the age of 40. Defendant further avers that prior to filing this complaint, Plaintiff had filed formal complaints of employment discrimination with the Department.

57.    Defendant denies the allegations contained in paragraph 57 of the complaint, except avers that on March 25, 2005, Plaintiff applied for the position of Internal Revenue Agent, GS-512-13, announced in Vacancy Announcement No. 50-30-S50588, and that he qualified to compete for that position.

58.    Defendant denies the allegations contained in paragraph 58 of the complaint, except avers that Plaintiff was not selected for the position of Internal Revenue Agent, GS-512-13, announced in Vacancy Announcement No. 50-30-S50588.

59.    Defendant denies the allegations contained in paragraph 59 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the selectees' national origin and religion, and on that basis denies them, and avers that the selectees did not have prior EEO activity.

60.    Defendant denies the allegations contained in paragraph 60 of the complaint.

**COUNT II**

61.     Defendant incorporates his response to paragraphs 1 through 60 of the complaint as if fully set forth herein.

62.     Defendant denies the allegations contained in paragraph 62 of the complaint, except avers that on May 23, 2005, Plaintiff applied for the position of Internal Revenue Agent, GS-512-13, announced in Vacancy Announcement No. 60-62-LMB50327, and that he qualified to compete for that position.

63.     Defendant denies the allegations contained in paragraph 63 of the complaint, except avers that Plaintiff was not selected for the position of Internal Revenue Agent, GS-512-13, announced in Vacancy Announcement No. 60-62-LMB50327.

64.     Defendant denies the allegations contained in paragraph 64 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the selectees' national origin and religion, and on that basis denies them, and avers that two of the three selectees were under 40 years of age and that all three did not have prior EEO activity.

65.     Defendant denies the allegations contained in paragraph 65 of the complaint.

**COUNT III**

66.     Defendant incorporates his response to paragraphs 1 through 65 of the complaint as if fully set forth herein.

67.     Defendant denies the allegations contained in paragraph 67 of the complaint, except avers that on July 14, 2005, Plaintiff applied for the position of Internal Revenue Agent, GS-512-13, announced in Vacancy Announcement No. 60-07-LMB50487, and that he qualified to compete for that position.

68.     Defendant denies the allegations contained in paragraph 68 of the complaint, except avers that Plaintiff was not selected for the position of Internal Revenue Agent, GS-512-13, announced in Vacancy Announcement No. 60-07-LMB50487, and avers that none of the candidates who made the Best Qualified list were selected for that position.

69.     Defendant denies the allegations contained in paragraph 69 of the complaint.

70.     Defendant denies the allegations contained in paragraph 70 of the complaint.

**COUNT IV**

71.     Defendant incorporates his response to paragraphs 1 through 70 of the complaint as if fully set forth herein.

72.     Defendant denies the allegations contained in paragraph 72 of the complaint, except avers that on or about January 11, 2007, Plaintiff applied for the position of Appeals Officer, GS-930-13, announced in Vacancy Announcement No. 89-85-APB333T7, and that he qualified to compete for that position.

73.     Defendant denies the allegations contained in paragraph 73 of the complaint, except avers that Plaintiff was not selected for the position of Appeals Officer, GS-930-13, announced in Vacancy Announcement 89-85-APB333T7.

74.     Defendant denies the allegations contained in paragraph 74 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the selectees' national origin or religion, and on that basis denies them, and avers that the selectees did not have prior EEO activity.

75.     Defendant denies the allegations contained in paragraph 75 of the complaint.

**COUNT V**

76.     Defendant incorporates his response to paragraphs 1 through 75 of the complaint as if fully set forth herein.

77.    Defendant denies the allegations contained in paragraph 77 of the complaint, except avers that on or about January 22, 2007, Plaintiff applied for the position of Appeals Officer, GS-930-13, announced in Vacancy Announcement No. 89-85-APB361T7, and that he qualified to compete for the position.

78.    Defendant denies the allegations contained in paragraph 78 of the complaint, except avers that Plaintiff was not selected for the position of Appeals Officer, GS-930-13, announced in Vacancy Announcement No. 89-85-APB361T7.

79.    Defendant denies the allegations contained in paragraph 79 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the selectee's national origin and religion, and on that basis denies them, and avers that the selectee did not have prior EEO activity.

80.    Defendant denies the allegations contained in paragraph 80 of the complaint.

**COUNT VI**

81.    Defendant incorporates his response to paragraphs 1 through 80 of the complaint as if fully set forth herein.

82.    Defendant denies the allegations contained in paragraph 82 of the complaint, except avers that on or about April 18, 2006, Plaintiff was issued a performance appraisal for the period from February 1, 2005 through January 31, 2006, with an average critical job element score of 2.6, and a rating of "minimally successful."

83.    Defendant denies the allegations contained in paragraph 83 of the complaint.

**COUNT VII**

84.    Defendant incorporates his response to paragraphs 1 through 83 of the complaint as if fully set forth herein.

85.     Defendant denies the allegations contained in paragraph 85 of the complaint, except avers that on or about March 5, 2007, Plaintiff was issued a performance appraisal for the period from February 1, 2006 through January 31, 2007, with an average critical job element score of 2.2, and a rating of "minimally successful."

86.     Defendant denies the allegations contained in paragraph 86 of the complaint except avers that on April 18, 2006, Plaintiff was notified that effective April 24, 2006, his Flexiplace arrangement with the Department would be terminated because he did not have a "fully successful" rating on his performance appraisal for the period from February 1, 2005 through January 31, 2006.

87.     Defendant denies the allegations contained in paragraph 87 of the complaint.

## COUNT VIII

88.     Defendant incorporates his response to paragraphs 1 through 87 of the complaint as if fully set forth herein.

89.     Defendant denies the allegations contained in paragraph 89 of the complaint, except avers that on February 27, 2007, Plaintiff was notified by his group manager that he would not be granted a within-grade increase.

90.     Defendant denies the allegations contained in paragraph 90 of the complaint.

## COUNT IX

91.     Defendant incorporates his response to paragraphs 1 through 90 of the complaint as if fully set forth herein.

92.     Defendant denies the allegations contained in paragraph 92 of the complaint.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

13

**SECOND DEFENSE**

Defendant acted in accordance with all applicable laws and regulations and did not discriminate against Plaintiff in any way.

**THIRD DEFENSE**

Defendant acted in accordance with all applicable laws and regulations and did not retaliate against Plaintiff in any way.

**FOURTH DEFENSE**

Some, or all, of Plaintiff's claims are barred by his failure to timely file those claims in accordance with the applicable statute of limitations.

**FIFTH DEFENSE**

Some, or all, of Plaintiff's claims are barred by his failure to exhaust administrative remedies.

**SIXTH DEFENSE**

Plaintiff is barred from raising any claims other than the claims he raised in the administrative process.

**SEVENTH DEFENSE**

Plaintiff has waived his right to litigate any claims for which he elected to file grievances pursuant to the collective bargaining agreement between the IRS and the National Treasury Employees Union.

**EIGHTH DEFENSE**

Plaintiff did not suffer any tangible employment action as a result of any of the Defendant's alleged actions.

WHEREFORE, Defendant Henry M. Paulson Jr., Secretary of the Treasury, demands

judgment against Plaintiff, Andrew Katz, together with his costs and disbursements and such

other relief as the Court deems appropriate in this action.

Dated: September 4, 2008
      New York, New York

                                              MICHAEL J. GARCIA
                                              United States Attorney for the
                                              Southern District of New York
                                              *Counsel for Defendant*

                      By:     s/ Jean-David Barnea
                                              JEAN-DAVID BARNEA
                                              Assistant United States Attorney
                                              86 Chambers Street, 3rd floor
                                              New York, New York 10007
                                              Tel. (212) 637-2679
                                              Fax (212) 637-2717
                                              Email Jean-David.Barnea@usdoj.gov

TO:    Jonathan Bell, Esq.
         *Counsel for Plaintiff*
         30 Jericho Executive Plaza, Suite 100e
         Jericho, NY 11753
         Tel. (212) 594-6656
         Fax (212) 656-1844